Conviction for keeping an open saloon; punishment, a fine of $100.

The information in this case charges as follows, omitting formal parts: "Ruth Weeks did then and there operate and assist in operating an open saloon, and was then and there directly interested and indirectly interested in the operation of an open saloon." Manifestly said information was bad. It wholly failed to charge any of those acts or things which enter into the definition of an open saloon. An information in exactly the same form was held bad in Weinberger v. State (Tex.Cr. App.) 98 S.W.(2d) 356; Stewart v. State (Tex.Cr.App.) 98 S.W.(2d) 357; Barrow v. State (Tex.Cr.App.) 98 S.W.(2d) 358. Upon the authority of the above-mentioned cases the information herein is wholly defective.

The judgment is reversed, and the prosecution ordered dismissed.

## WEEKS v. STATE.
### No. 18520.

Court of Criminal Appeals of Texas.

Feb. 17, 1937.

Tom Sanders, W. Owen Dailey, and Fred L. Perkins, all of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

## WEAVER v. STATE.
### No. 18838.

Court of Criminal Appeals of Texas.

Feb. 24, 1937.

Frank Judkins, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

224

MORROW, Presiding Judge.

The offense is theft; penalty assessed at confinement in the penitentiary for two years.

 The record is before this court without statement of facts or bills of exception, in the absence of which nothing is presented for review.

No fundamental error having been perceived, the judgment is affirmed.